UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-20045-RNS (SCOLA/LOUIS)

AIRBNB, INC.,

    Plaintiff
v.
CITY OF MIAMI BEACH,

    Defendant.
_____/

**MOTION TO COMPEL DEPOSITION OF
<u>COMPETENT RULE 30 (b)(6) WITNESS</u>**

    Pursuant to Rule 37(a), Federal Rules of Civil Procedure, and Local Rules 7.1 and 26.1(h)(2), Defendant, the City of Miami Beach ("City"), moves the Court for entry of an Order compelling Plaintiff, Airbnb, Inc. ("Airbnb"), to produce a 30(b)(6) witness who actually has knowledge regarding the specific agreed-upon topics set forth in the three subpoenas duces tecum (with and without deposition) that the City served under Rule 30 (b)(6), Federal Rules of Civil Procedure, and served on Airbnb on Friday, March 1, 2019 .

    On March 20, 2019, Airbnb produced a single deponent, Mallol, in response to the City's four subpoenas, claiming that he would be prepared and able to testify individually and as a 30(b)(6) witness on the expressly-noticed agreed upon topics stated in the 30(b)(6) subpoenas. Nevertheless, at his deposition, Mallol was not prepared, and asserted that he could not answer numerable questions on the topics listed in the 30(b)(6) subpoenas including, *inter alia*, questions relating to (1) the services offered by Airbnb to its guests; (2) Airbnb's posting process; and (3) Airbnb's cooperation and efforts to increase host compliance with municipal laws and regulations. As the answers to these questions are vital to the City's defense in this case including as to the TRO Motion, and efforts to obtain adequate testimony from Airbnb have been rebuffed, the City is forced to ask this Court to compel Airbnb to produce a 30(b)(6) corporate representatives capable of answering the City's unanswered questions.

    Further, the City also seeks an award of the attorneys' fees and costs it incurred in taking Mallol's deposition on the Subjects and preparing, filing and arguing this Motion. In support, the City states as follows:

1

The City enacted an ordinance that prohibits short-term transient rentals in certain zoning districts ("Ordinance"). The Ordinance's scope is limited to residential use districts and protects the nature and character of those neighborhoods. Short-term transient rental activity is lawful elsewhere in the City, including in its commercial use districts. As part of the City's regulation, legal short-term lessors must pay a transient rental tax (which can be passed on to renters), obtain a City business license, and pay the license tax required for all commercial enterprises. Thus, a legal short-term rental business must have a resort tax number and a business tax receipt ("BTR") number. To administer and enable enforcement of the regulations on short-term rentals, these numbers must be included in any advertisement brokering them.

Airbnb filed the TRO Motion on February 20, 2019, requesting the Court restrain the City's enforcement of the Ordinance against Airbnb. One of the issues raised in Airbnb's suit is whether the Ordinance is preempted by the Federal Communications Decency Act ("CDA"). The Court granted the parties limited, expedited discovery in order to allow parties to issue subpoenas and take depositions related to the issues raised in the TRO Motion. ECF No. 22; ECF No. 29. As per this Court's Order, the City issued four subpoenas, two to Airbnb's corporate representative, one to Airbnb's record custodian,[1] and one to Jordi Torres Mallol, Airbnb's declarant. The 30(b)(6) subpoenas to Airbnb request a 30(b)(6) corporate representative to testify on seven topics: the creation of the platform's fields, the posting mechanics and posting process, advertising to guests and hosts, the services offered to hosts and guests, and Airbnb's cooperation with cities to increase host compliance with municipal laws. The subpoenas are attached as Exhibit A.

### **Airbnb's Failure To Provide A Proper 30(b)(6) Witness**

In response to the 30(b)(6) subpoenas, Airbnb designated only Mallol, stating that he could testify to all of the topics listed in the 30(b)(6) subpoenas. Notwithstanding this representation, he could not and did not so testify. In fact, when the City initially addressed preliminary inquiries to explore the answers provided by Mr. Mallol's Declaration, he could not or would not provide the basis for them. When asked what his declarations were based on,

---

[1] The subpoena to Airbnb's record custodian is a subpoena for records only. However, counsel agreed that a witness on the record custodian subpoena's subject matter would be produced and would testify as a 30(b)(6) witness. At the March 20, 2019 deposition, Airbnb's counsel stated: "on behalf of Airbnb, he [Mallol] will be serving as a 30(b)(6) witness as to the topics we agreed upon in our joint stipulation, and the topics that you have the right to request addition 30(b)(6) testimony on." Ex. B at 9.

Mallol refused to answer, asserting that any document he reviewed was protected by attorney-client privilege. Mallol's deposition transcript is attached as Ex. B.  Ex. B. 17-21. After several minutes of stonewalling, he finally admitted under oath that he had not reviewed any documentation prior to signing his Declaration and did not review any documents in preparation for his testimony. Ex. B 18:25-19:21:6. Instead, he asserted that his Declaration and testimony were based only his generalized "personal knowledge."  Mallol's admitted lack of preparation made it impossible for the City to obtain even a basic understanding of Airbnb's position or its activities. For example, the City questioned Mallol on his "understanding", as discussed at ¶¶14-26 of his Declaration, of the City's Ordinance, including his interpretation on what Airbnb must do to comply with the City's reasonable Ordinance. Instead of answering this question, Mallol admitted that he _never_ reviewed or has even seen the entirety of the City's ordinance and could not provide the City an answer. Ex B. 271:6-13; 269:24, 281:18, 289:7, 12.

Mallol repeatedly failed to answer countless questions on the services that Airbnb provides to guests and host including the host guarantee (Ex. B 40), insurance (Ex. B 42-46), background checks (Ex. B 49-61), and smart pricing (Ex. B 98, 234-236).  He also failed to answer questions regarding the platform's mechanics and posting process. (Ex. B 213-214, 256-257; 264-267;).  He was unable to answer any questions regarding Airbnb's cooperation with the laws in other cities, including Santa Monica (Ex. B 240-242), Boulder (Ex. B 242-244), Pasadena (Ex. B 245), San Luis Obispo (Ex. B 245), Portland (Ex. B 245), Honolulu (Ex. B 245), Maui (Ex. B 245), St. Paul (Ex. B 249-252), San Francisco (Ex. B 278-280), and Chicago (Ex. B 272-280).

Moreover, the information that he did not know was "information known or reasonably available" to Airbnb and within the agreed upon 30(b)(6) topics.  After testifying that he did not know the answers to various relevant questions, Mallol often directed the City to the employee or team of employees who would know the answer.  For example, when asked about communications that Airbnb sends to bring in guests onto the platform, Mallol responds that he does not know but that Marketing would know. Ex. B 213.  Throughout the deposition, Mallol says repeatedly that he does not know the answers but that business development (Ex. B 214), legal and policy teams (Ex. B 245), the product management team (Ex. B 260), the product team (Ex. B 277), date science team (Ex. B 305), the trust team (Ex. B 63), the payments team (Ex. B 72), or an unspecified team (Ex. B 102) can answer the questions.  Thus, the information is

3

admittedly known by Airbnb, but Mallol was not adequately prepared to testify as the corporate representative.

## ARGUMENT

### I.  MALLOL WAS NOT ADEQUATELY PREPARED TO TESTIFY AS A CORPORATE REPRESENTATIVE.

Mallol failed to adequately testify regarding noticed topics, as required by a 30(b)(6) corporate representative. A 30(b)(6) deponent is required to "testify about information known or reasonably available to the organization," and to "testify fully and non-evasively about the [noticed] subjects." *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 687, 689 (S.D. Fla. 2012); *see also*, *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 699 (S.D. Fla. 1999). Mallol did not testify accordingly.

"The designating party has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed in the notice or subpoena." *QBE Ins. Corp.*, 277 F.R.D. at 688. "If the designated deponent cannot answer questions regarding the subject matter as to which he is designated, then 'the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions.'" *Cont'l Cas. Co. v. First Fin. Employee Leasing, Inc.*, 716 F. Supp. 2d 1176, 1189–90 (M.D. Fla. 2010) (quoting *King v. Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995)). Indeed, "producing an unprepared Rule 30(b)(6) witness may be sanctionable as a nonappearance under the Rule." *Id.* (citing *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993) (If the organization's Rule 30(b) (6) designee "is not knowledgeable about relevant facts, and the [organization] has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.")).

Additionally, in the event that a designee's deficiencies become apparent during the deposition, the designee has a duty to substitute another witness. *QBE Ins. Corp.*, 277 F.R.D. at 688; *see also Cont'l Cas.*, 716 F. Supp. 2d at 1189 ("If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute."). As explained, Plaintiff has failed to fulfill that duty here.

Where a party presents an inadequate 30(b)(6) witness, courts have permitted the opposing party to conduct a second Rule 30(b)(6) corporate representative deposition as to those topics for which deposition testimony has not been provided. *See, e.g.*, *In re Brican Am. LLC*

*Equip. Lease Litig.*, 2013 WL 5519969, at *12 (S.D. Fla. Oct. 1, 2013), *aff'd sub nom. In re: Brican Am. LLC*, 2013 WL 12092311 (S.D. Fla. Nov. 15, 2013).

Courts have also concluded that permissible sanction for failure to produce an adequate 30(b)(6) witness "include an order 'prohibiting the [organization] . . . from introducing designated matters in evidence,' . . . in addition to or in lieu of an award of reasonable attorney's fees, caused by the nonappearance." *Cont'l Cas.*, 716 F. Supp. 2d at 1189–90 (citing Fed. R. Civ. P. 37(b)(2)(A)(ii), 37(d)(3)).

## **CONCLUSION**

For the foregoing reasons, Defendant City of Miami Beach respectfully requests that the Court grant its Motion to Compel Airbnb to produce a 30(b)(6) witness who has knowledge regarding the topics included in the three subpoenas duces tecum. Additionally, the City should be awarded the attorneys' fees and costs incurred in taking Mallol's deposition and in preparing, filing, and arguing this Motion.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), I hereby certify that counsel for Defendant City of Miami Beach has conferred with counsel for Plaintiff regarding the relief sought in this motion, and counsel for Plaintiff has indicated that Plaintiff opposes the relief sought herein.

/s/ Richard J. Ovelmen

Dated: March 26, 2019

Respectfully submitted,

/s/ Richard J. Ovelmen

| | |
|---|---|
| Aleksandr Boksner (FBN 526827) | Richard J. Ovelmen (FBN 284904) |
| Chief Deputy City Attorney | rovelmen@carltonfields.com |
| aleksandrboksner@miamibeachfl.gov | Merrick L. Gross (FBN 716677) |
| RAUL J. AGUILA, CITY ATTORNEY | mgross@carltonfields.com |
| CITY OF MIAMI BEACH | Justin S. Wales (FBN 99212) |
| 1700 Convention Center Drive, 4th Floor | jwales@carltonfields.com |
| Miami Beach, Florida 33139 | Rachel A. Oostendorp (FBN 105450) |
| Telephone: (305) 673-7470 | roostendorp@carltonfields.com |
| Facsimile: (305) 673-7002 | CARLTON FIELDS, P.A. |
| | Miami Tower, Suite 4200 |
| | 100 S.E. Second Street |
| | Miami, Florida 33131 |
| | Telephone: (305) 530-0050 |
| | Facsimile: (305) 530-0055 |

*Attorneys for Defendant City of Miami Beach*