UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-20045-SCOLA/LOUIS

AIRBNB, INC.,

    Plaintiff,

v.

CITY OF MIAMI BEACH,

    Defendant.
_____/

## ORDER ON DISCOVERY MOTIONS

THIS CAUSE came before the Court on Plaintiff's Motion to Quash Revised Subpoena for Production of Documents Served on Wheeler Trigg O'Donnell, LLP (ECF No. 42); and Defendant's Motion to Compel Deposition of Competent Rule 30(b)(6) Witness (ECF No. 44). A hearing was conducted on these motions on April 1, 2019. The undersigned ruled on the motions in open court, and this Order memorializes those rulings.

**I.**    **Plaintiff's Motion to Quash Revised Subpoena (ECF No. 42)**

Plaintiff filed a motion to quash the revised subpoena issued by Defendant to Wheeler Trigg O'Donnell, LLP ("Wheeler Trigg"). Plaintiff had previously filed a motion to quash the first subpoena to Wheeler Trigg on March 7, 2019 (ECF No. 31), which the Court denied, but granted the alternative motion for protective order (ECF No. 38). The Court further adjudged that its order was "without prejudice as to Defendant's ability to reissue narrowed subpoenas which specify documents sought that are relevant to this case" (ECF No. 38). Thereafter, Defendant served a revised subpoena to Wheeler Trigg on March 25, 2019. Plaintiff again argues that the revised

1

subpoena's scope is overbroad, seeks documents subject to a protective order, and goes beyond the scope of the limited discovery permitted by the Court. Responding party Wheeler Trigg has apparently communicated its readiness to produce responsive documents, and indeed has reviewed some deposition transcript excerpts at Defendant's request to compare against the whole and confirm production of all relevant portions.

For the reasons stated in open court, the Court denies Plaintiff's Motion to Quash without prejudice, and instructs the parties to follow the procedure for production ordered in open court. Plaintiff's counsel will communicate the Court's ruling to subpoena recipient Wheeler Trigg (copying defense counsel), and request from Wheeler Trigg an inventory of documents it intends to produce to Defendant, prior to making its production, and by no later than Thursday, April 4, 2019. Upon receiving a list of the intended production from Wheeler Trigg, Plaintiff's counsel may respond and object to the production of any document, or portion thereof, that Plaintiff contends is both irrelevant to this litigation and highly confidential. The parties are required to meaningfully confer over any such objections by Plaintiff, which must be sufficiently specific to enable Defendant and subpoena respondent to assess Plaintiff's objections. Conferral must be completed in time to permit Wheeler Trigg to produce documents to Defendant on or before Monday, April 8, 2019. To the extent that the parties are unable to reach agreement on some documents identified as responsive by Wheeler Trigg, the remaining documents shall be produced without delay.

**II.     Defendant's Motion to Compel Deposition of Rule 30(b)(6) Witness (ECF No. 44)**

Defendant filed a motion to compel Plaintiff to produce a witness for deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Plaintiff had previously produced a 30(b)(6) witness, Jordi Torres Mallol, who Defendant deposed on March 20, 2019. However,

Defendant contends that the deponent was unable to answer questions at the deposition relating to several services that Plaintiff provides, including host guarantees, insurance, background checks, smart pricing; platform mechanics and posting processes; and Plaintiff's cooperation with the law in other municipalities. *See* ECF No. 44 at 3. At the hearing, the only two topics for which Defendant was able to demonstrate both relevance of the information sought and the witness' failure to answer questions about were (1) questions about Plaintiff's practice of conducting background checks (what checks are conducted and how the checks are utilized by Plaintiff); and (2) the ways in which Plaintiff is cooperating with other identified municipalities who have imposed restrictions on short-term rental services.

Accordingly, and as ordered at the hearing, the Court will grant Defendant's Motion to Compel, and require the continuing deposition of Plaintiff. Consistent with Rule 30(b)(6), Defendant will notice the topics on which it intends to examine at the continued deposition, and shall restrict those topics consistent with the Court's oral rulings and with sufficient particularity to afford Plaintiff the ability to adequately prepare its witness(es). Upon receipt of Defendant's notice, Plaintiff shall identify any documents on which it relies to answer the noticed topics, again with sufficient particularity as to afford Defendant the ability to assess the extent to which the documents provide the information Defendant seeks, or the extent to which deposition is still warranted. Plaintiff's continued deposition must take place on or before Friday, April 5, 2019.

Defendant seeks attorney's fees from Plaintiff associated with preparing and arguing this motion pursuant to Rule 37. An award of attorneys' fees is mandatory under Rule 37(a)(5) to the party who prevails on a motion to compel, unless the court finds the objections to the discovery substantially justified or other circumstances that would render such an award unjust. Defendant cites to *Cont'l Cas. Co. v. First Fin. Employee Leasing, Inc.*, 716 F. Supp. 2d 1176, 1189 (M.D.

Fla. 2010) for the proposition that producing an unprepared 30(b)(6) witness may be sanctionable as a non-appearance under Rule 37(d)(3). However, the Court does not find that the deponent was unprepared to the extent that his deposition constitutes a non-appearance, as only two of the various proposed deficiencies warrant a continued deposition. Though the Court grants Defendant's motion to compel, it did so on limited grounds and finds that Plaintiff's opposition to the motion raised substantially justified objections to the relief sought. Accordingly, no award of fees is warranted.

DONE and ORDERED in Chambers at Miami, Florida this 3rd day of April, 2019.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record